IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MICHELLE L.,**[1]

    Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

    Defendant.

**Civ. No. 3:20-cv-00568-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff Michelle L. was denied disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act. She appeals to this Court, arguing that the Administrative Law Judge ("ALJ") erred by failing to include concentration and social interaction limitations in her residual functional capacity ("RFC"). Because the Commissioner of Social Security's ("Commissioner") decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## PROCEDURAL BACKGROUND

    Plaintiff applied for DIB on July 18, 2016, and SSI on August 15, 2016, alleging disability since December 30, 2015. Tr. 240, 242,[2] ECF No. 13. Both claims were denied initially and upon reconsideration. Tr. 18. Plaintiff timely requested a hearing and appeared before an ALJ on September 17, 2018. Tr. 18, 38. A supplemental hearing before the same ALJ was held

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.
[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

1 – OPINION AND ORDER

on February 6, 2019. Tr. 56. The ALJ issued a partially favorable decision, finding Plaintiff not disabled before November 17, 2017, and disabled as of that date due to a change in Plaintiff's age category. Tr. 14, 29, 31. Plaintiff sought review from the Appeals Council and was denied. Tr. 1. Plaintiff now seeks judicial review of the ALJ's decision.

## STANDARD OF REVIEW

The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). A reviewing court will affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2020). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's RFC, age, education, and work experience. *Id.* If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner finds that the claimant can perform other work

existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

At step two the ALJ found that Plaintiff had the following severe impairments: cervical spine degenerative disc disease, carpal tunnel syndrome, cubital tunnel syndrome, hypothyroidism, and affective disorder. Tr. 21. At step three the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled any of the Listing of Impairments. Tr. 22. The ALJ assigned Plaintiff the following RFC:

> [T]he claimant . . . [can] perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except: She can occasionally push and pull with her left upper extremity. She can occasionally balance, stoop, kneel, crouch, and climb ramps and stairs. She can never crawl or climb ladders, ropes, or scaffolds. With her left upper extremity, she can occasionally reach overhead and frequently reach in all other directions. She can frequently reach in all directions with her right upper extremity. Bilaterally, she can frequently finger and feel; and occasionally handle. She should avoid even occasional exposure to extreme cold; and any exposure to heavy vibration, heights, hazards, and heavy equipment. She can perform simple, routine tasks.

Tr. 23. Relying on the vocational expert's testimony, the ALJ found that before November 17, 2017, when Plaintiff's age category changed, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. Tr. 29–30. Beginning November 17, 2017, the ALJ found there were no such jobs. Tr. 30. Accordingly, the ALJ determined that Plaintiff was not disabled before November 17, 2017 but became disabled on that date and continued to be disabled through the date of decision. Tr. 30.

**I. Concentration Limitation**

Plaintiff argues that the ALJ erred by failing to include in Plaintiff's RFC Dr. Scharf's statement that Plaintiff "likely would have difficulties with persistence in her attention after 30 to 45 minutes." Pl.'s Op. Br. 8, ECF No. 16 (quoting tr. 577). A claimant's RFC is the most the claimant can do in a work setting on a "regular and continuing basis" despite her limitations. 20

C.F.R. § 404.1545 (2020). In formulating an RFC, the ALJ must consider all medically determinable impairments, both severe and non-severe, and evaluate "all of the relevant medical and other evidence." *Id.* § 404.1545(a)(2)–(3). The ALJ is tasked with resolving conflicts in the medical testimony and interpreting the evidence to form concrete functional limitations. *See* SSR 96-8p, 61 Fed. Reg. 34474 (July 2, 1996); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). "An RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

In *Stubbs-Danielson*, the Ninth Circuit held that an ALJ's RFC of simple, repetitive tasks adequately incorporated the plaintiff's limitations related to concentration, persistence, and pace as identified by the medical evidence. 539 F.3d at 1173–75. The plaintiff argued that the RFC failed to capture an examining doctor's observations that the plaintiff had a "slow pace, both with thinking and her actions" and that she is "moderately limited" in her ability "to perform at a consistent pace without an unreasonable number and length of rest periods." *Id.* at 1173. A non-examining doctor noted concentration limits as well and concluded the plaintiff retained the ability to carry out simple tasks. *Id.*

"[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Id.* at 1174. The Ninth Circuit explained that the examining doctor's observations in *Stubbs-Danielson* did not provide a concrete RFC limitation, as the doctor did not assess whether the plaintiff could perform work on a sustained basis. *Id.* at 1173–74. The non-examining doctor, however, did provide a concrete limitation of carrying out simple tasks, which the ALJ adopted. *Id.* at 1173. The court concluded that the ALJ's RFC of simple, repetitive tasks was consistent with the concentration restrictions identified in both doctors' opinions. *Id.* at 1174.

4 – OPINION AND ORDER

Here, Plaintiff met with Daniel Scharf, PhD, on October 31, 2016 for a psychodiagnostic examination. Tr. 574. Dr. Scharf's exam report discussed Plaintiff's history, mental status, and activities of daily living. Tr. 574–577. He concluded with a diagnostic impression of Plaintiff, finding PTSD and other specified depressive disorder. Tr. 577. His impression further provided that Plaintiff "was able to understand and remember basic instruction. She had mild to moderate difficulty in sustaining attention and likely would have difficulties with persistence in her attention after 30 to 45 minutes. She generally is able to engage in appropriate social interaction." Tr. 577.

The ALJ gave Dr. Scharf's opinion significant weight. Tr. 26. The ALJ found that Dr. Scharf's opinion was supported by his examination of Plaintiff, showing some knowledge deficits, slow computation, and distraction, but also intact attention and concentration for tasks. Tr. 26. The ALJ also noted that Dr. Scharf's opinion was consistent with the remaining medical evidence, including conservative mental health treatment and normal mental status reports. Tr. 26–27. In determining Plaintiff's RFC, the ALJ concluded that the evidence as a whole showed that Plaintiff had no more than moderate difficulties in concentrating, persisting, or maintaining pace, and she was therefore limited to simple, routine tasks. Tr. 27.

Plaintiff argues that the ALJ's failure to include an express 30-45 minute concentration limitation in the RFC constitutes a rejection of Dr. Scharf's opinion. Pl.'s Op. Br. 9. On the contrary, the decision shows that the ALJ incorporated Dr. Scharf's opinion in construing the RFC. The ALJ specifically noted Dr. Scharf's opinion regarding Plaintiff's 30-45 minute attention span, then concluded that, based on Plaintiff's concentration difficulties, she is limited to simple, routine tasks. Tr. 26–27.

The Ninth Circuit's ruling in *Stubbs-Danielson* is instructive here. The ALJ was not required to include Dr. Scharf's statement that Plaintiff "likely would have difficulties with

5 – OPINION AND ORDER

persistence in her attention after 30 to 45 minutes" verbatim in the RFC. This statement does not appear to be a concrete statement of Plaintiff's functional capacity, as it does not provide any information regarding how the limitation would affect Plaintiff's ability to perform sustained work. *See Stubbs-Danielson*, 539 F.3d at 1173–74; *see also Valentine*, 574 F.3d at 691–92. The word "likely" further suggests that Dr. Scharf's statement is an equivocal observation rather than a concrete RFC limitation. It was therefore within the ALJ's discretion to interpret Dr. Scharf's opinion, along with the rest of the medical evidence, and construe an RFC with corresponding limitations. *See Stubbs-Danielson*, 539 F.3d at 1173–75.

In doing so, the ALJ stated "[t]he evidence discussed throughout this decision shows that [Plaintiff] has no more than moderate difficulties in . . . concentrating, persisting, or maintaining pace." Tr. 27. The ALJ went on to note that two state agency mental consultants, Dr. Kessler and Dr. Buskirk, opined that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace and limited Plaintiff to simple tasks. Tr. 27–28. The ALJ gave these portions of their opinions significant weight because they are consistent with Dr. Scharf's opinion and the overall medical record. Tr. 28.

Dr. Scharf, Dr. Kessler, and Dr. Buskirk all determined that Plaintiff had moderate concentration difficulties. The ALJ expressly noted these difficulties and accordingly limited her to simple, routine tasks. This limitation is consistent with and adequately incorporates the medical testimony. The ALJ therefore did not err in construing the RFC.

## II. Social Interaction Limitations

Plaintiff argues that the ALJ erred by failing to include in Plaintiff's RFC social interaction limitations provided by non-examining state agency mental consultants. An ALJ must cite to specific evidence in the record to reject a non-examining physician's opinion. *Sousa v. Callahan*,

143 F.3d 1240, 1244 (9th Cir. 1998). Dr. Kessler opined that Plaintiff has moderate difficulties in maintaining social functioning. Tr. 80. He also stated Plaintiff is incapable of greater than occasional public and coworker contact due to her symptoms of PTSD. Tr. 84. Dr. Buskirk determined that Plaintiff's ability to interact with others is mildly limited and her ability to interact appropriately with the general public is moderately limited. Tr. 112, 116.

The ALJ gave little weight to their opinions concerning Plaintiff's social limitations because they conflict with Dr. Scharf's opinion, which found that Plaintiff is generally able to engage in appropriate social interaction. Tr. 28, 577. The ALJ also found there were no indications of hostile or inappropriate behavior during treatment visits and examinations to support such limitations. Tr. 28. The ALJ further noted that Dr. Buskirk's assessment was internally inconsistent. Tr. 28. These reasons constitute specific evidence in the record sufficient to reject portions of the non-examining consultants' opinions. The ALJ therefore did not err by failing to include their social interaction limitations in Plaintiff's RFC.

## **CONCLUSION**

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 30th day of September, 2021.

                                              _s/Michael J. McShane_____
                                              Michael J. McShane
                                              United States District Judge